# UNITED STATES DISTRICT COURT
For the District of Columbia

| | |
|---|---|
| STEPHEN H. GRAVES | : |
|   555 E. Limberlost Drive | : |
|   Tucson, Arizona 85707, | : |
|           Plaintiff, | : |
| | : |
|        v. | : |
| | : |
| DISTRICT OF COLUMBIA | : |
|   1350 Pennsylvania Avenue, NW | : |
|   Washington, DC 20001, | : |
|           Defendant. | : |

Serve:

  a)   Office of the Mayor                      b)   Office of the Attorney General
       1350 Pennsylvania Avenue, N.W.              441 Fourth Street, N.W.
       Washington, DC 20004                           Washington, DC 20001

## —— COMPLAINT ——

### Introduction

This is an action seeking compensatory damages, back pay and front pay filed by a former employee of the District of Columbia Fire and Emergency Services Department who was subjected to discrimination on the basis of his race in violation of his rights under the Civil Rights Act of 1866 and Title VII of the Civil Rights Act of 1964, as amended.

### Parties

1.   The Plaintiff Stephen R. Graves is an adult resident of the State of Arizona whose home address is 555 E. Limberlost Drive, Tucson, Arizona 85707.

2. The Defendant District of Columbia is a municipal government and corporation with its principal office located at 1350 Pennsylvania Avenue, NW, Washington, DC 20004. The District of Columbia Fire and Emergency Medical Services Department is a subordinate agency of the Defendant District of Columbia and an "employer" within the meaning of 42 U.S.C. 2000e(b).

### Jurisdiction and Venue

3. This action is filed within ninety days after the Plaintiff's receipt of notification from the United States Equal Employment Opportunity Commission of his right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*.

4. Jurisdiction over the subject-matter and parties to this action is conferred upon this Court pursuant to 28 U.S.C. 1331, 42 U.S.C. 1981, and 42 U.S.C. 2000e-5(f)(3).

5. Venue is proper in this District pursuant to 28 U.S.C. 1391 and 42 U.S.C. 2000e-5(f)(3).

### Statement of the Case

6. The Plaintiff Stephen H. Graves is of mixed race (Native American, African-American and Caucasian) background.

7. Mr. Graves was employed in a variety of positions with the District of Columbia Fire and Emergency Medical Services Department (hereinafter, the "Department") from September 5, 1985, until February 12, 2006.

8. For the entirety of his two decades of service with the Department, Mr. Graves was continuously subjected to a hostile workplace environment arising from incessant unlawful racial and ethnic discrimination by persons acting during the course of their employment by the Department, including, but not limited to:

a) Insults, taunts and other derogatory remarks by Departmental employees concerning his mixed–race background which were the product, in whole or in part, of their discriminatory animus arising from Mr. Graves' mixed-race background;

b) Threatened assaults upon Mr. Graves' person by Departmental employees which were the product, in whole or in part, of their discriminatory animus arising from Mr. Graves' mixed-race background;

c) An August 27, 1989, assault and battery upon Mr. Graves' person by Emergency Medical Technician Cheryl Mitchell which was the product, in whole or in part, of her discriminatory animus arising from Mr. Graves' mixed-race background;

d) An October 13, 1994, assault and battery upon Mr. Graves' person by Firefighter Gerald Blanks which was the product, in whole or in part, of his discriminatory animus arising from Mr. Graves' mixed-race background;

e) An January 28, 1997, assault and battery upon Mr. Graves' person by civilian employee Bob Morton which was the product, in whole or in part,

of his discriminatory animus arising from Mr. Graves' mixed-race background;

f) July 19, 1997, threats of harm to Mr. Graves' person issued by Lt. Michael Best which were the product, in whole or in part, of his discriminatory animus arising from Mr. Graves' mixed-race background;

g) A June 19, 1999, assault and battery upon Mr. Graves' person by Firefighter Gerald Blanks which was the product, in whole or in part, of his discriminatory animus arising from Mr. Graves' mixed-race background;

h) December 19, 1999, threats of harm to Mr. Graves' person issued by Lt. Alva Wilson which was the product, in whole or in part, of his discriminatory animus arising from Mr. Graves' mixed-race background;

i) August 25, 2004, interference with Mr. Graves' admittance to the 2004 promotional situational panel review by Assistant Fire Chief of Services Kenneth Ellerbe which was the product, in whole or in part, of his discriminatory animus arising from Mr. Graves' mixed-race background;

j) Threatening letters sent by Firefighter Robert Lohr to Mr. Graves' home address in July 2005 which was the product, in whole or in part, of his discriminatory animus arising from Mr. Graves' mixed-race background; and

k) A July 12, 2005, assault and battery upon Mr. Graves' person by Lt. Joseph Washington which was the product, in whole or in part, of his discriminatory animus arising from Mr. Graves' mixed-race background.

9. The hostile workplace environment – including, but not limited to, the aforesaid insults, taunts, derogatory remarks, threats, assaults and batteries – to which Mr. Graves was subjected during his two decades of service was known to officials of the Department who made no attempt ameliorate the hostility of Mr. Graves' workplace environment and, in fact, explicitly or implicitly aided, abetted, encouraged, condoned or ratified the discriminatory acts of Departmental employees against Mr. Graves.

10. Because he could not continue to endure the significant physiological and emotional distress arising from the hostile workplace environment to which he had continuously been subjected during his two decades of service, Mr. Graves resigned from the Department effective February 12, 2006.

## Causes of Action

### Count I: 42 U.S.C. 1981 Violations

11. The allegations contained in paragraphs one through ten inclusive of this *Complaint* are incorporated by reference into Count I.

12. Pursuant to 42 U.S.C. 1981(b), Mr. Graves had the right to nondiscriminatory treatment in the workplace free from insults, taunts, derogatory remarks, assaults and batteries and other incidences of a hostile workplace environment.

13.   As a direct and proximate result of the discriminatory actions of the District of Columbia, Mr. Graves was (i) subjected to a hostile workplace environment (ii) endured and will continue to endure great psychological and emotional distress, (iii) suffered physical injuries, (iv) incurred and will continue to incur medical expenses, and (v) lost the past, present, and future wage and other employment benefit increases which he would have earned had he not been forced to resign from the Department; all to his damage in the amount of four million dollars.

Count II: 42 U.S.C. 2000e Violations

14.   The allegations contained in paragraphs one through ten inclusive of this *Complaint* are incorporated by reference into Count II.

15.   Pursuant to 42 U.S. 2000e-2(a), Mr. Graves had the right to nondiscriminatory treatment in the workplace free from insults, taunts, derogatory remarks, assaults and batteries and other incidences of a hostile workplace environment.

16.   As a direct and proximate result of the discriminatory actions of the District of Columbia, Mr. Graves was (i) subjected to a hostile workplace environment (ii) endured and will continue to endure great psychological and emotional distress, (iii) suffered physical injuries, (iv) incurred and will continue to incur medical expenses, and  (v) lost the past, present, and future wage and other employment benefit increases which he would have earned had he not been forced to resign from the Department; all to his damage in the amount of four million dollars.

Prayer For Relief

**WHEREFORE**, the premises considered, the Plaintiff Stephen H. Graves respectfully prays this Court to:

- Award him four million dollars in compensatory damages, back pay and front pay;

- Award him reasonable costs, interest, and attorneys fees; and

- Grant him such other relief as this Court deems just and proper.

Respectfully submitted,

/S/
James Thomas Maloney #254102
Counsel for the Plaintiff
Maloney & Mohsen PLLC
4201 Connecticut Avenue, NW
Suite 500
Washington, DC 20008-1163
Tel: (202) 237-6800  x202
Fax: (202) 966-5270
Email: verdict@verizon.net

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-156
CKK

## I (a) PLAINTIFFS
Stephen H. Graves

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Pima County, AZ
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James T. Maloney, Esq., Maloney & Mohsen PLLC, 4201 Connecticut Avenue, NW - Suite 500
Washington, DC 20008  Tel: 202-237-6800

CASE NUMBER 1:07CV00156
JUDGE: Colleen Kollar-Kotelly
DECK TYPE: Employment Discrimination
DATE STAMP: 01/22/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF (DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

2

| ○ G. *Habeas Corpus/* *2255* | ☒ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA* *(non-employment)* | ○ L. *Other Civil Rights* *(non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Employment discrimination in violation of 42 USC 1981 and 42 USC 2000e

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 4,000,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐   If yes, please complete related case form.

DATE January 22, 2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.