UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN H. GRAVES, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 07CV0156(CKK) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO THE COMPLAINT

Defendant District of Columbia, by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

1. Defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 1

2. Defendant admits that the District of Columbia is a municipal corporation. The remaining allegations contained in paragraph 2 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 2 contains factual allegations, defendant denies all factual allegations and demands strict proof thereof at trial.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 3

contains factual allegations, defendant denies all factual allegations and demands strict proof thereof at trial.

4. Defendant admits the existence of the statutory references in paragraph 4 of the Complaint but denies that jurisdiction is necessarily conferred on this court or defendant solely by reason thereof.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required.

6. Defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraphs numbered 8 and subsections a – k.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 9 contains factual allegations, defendant denies all factual allegations and demands strict proof thereof at trial.

10. Defendant admits that plaintiff resigned effective February 12, 2006. The remaining allegations contained in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 10 contain factual allegations, defendant denies all factual allegations and demands strict proof thereof at trial.

## COUNT I: 42 USC 1981 Violations

11. Defendant incorporates its answers to paragraphs 1 through 10 as stated above.

12. The allegations contained in paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 12 contains factual allegations, defendant denies all factual allegations and demands strict proof thereof at trial.

13. The allegations contained in paragraph 13 are denied.

## COUNT II: 42 U.S.C. 2000e   VIOLATIONS

14. Defendant incorporates its answers to paragraphs 1 through 10 as stated above.

15. The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 15 contains factual allegations, defendant denies all factual allegations and demands strict proof thereof at trial.

16. The allegations contained in paragraph 16 are denied.

## **THIRD DEFENSE**

Plaintiff might have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

## FOURTH DEFENSE

Plaintiff might have failed to timely file a grievance or otherwise failed to protect himself from the conduct alleged in the complaint.

## FIFTH DEFENSE

All actions taken by the District's employees and this defendant relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

## SIXTH DEFENSE

The Complaint might not have been filed in a timely fashion.

## SEVENTH DEFENSE

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

## EIGHTH DEFENSE

Plaintiff would have been subjected to the alleged employment actions even if he had not engaged in protected activity.

## NINTH  DEFENSE

If the plaintiff was injured and/or damaged as alleged in the Complaint, his injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the District's employees, or this defendant  acting within the scope of their employment.

### TENTH DEFENSE

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### ELEVENTH DEFENSE

Plaintiff has failed to mitigate any damages that he may have incurred.

### TWELFTH DEFENSE

Plaintiff might have failed to meet the applicable statute of limitations.

### THIRTEENTH DEFENSE

This action may be barred by the doctrine of laches and/or unclean hands.

### REQUEST AND DEMAND FOR JURY TRIAL

Defendant respectfully requests a jury trial in this matter.

WHEREFORE, the District of Columbia prays the Court will dismiss the Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

Kimberly M. Johnson

_____
KIMBERLY M. JOHNSON ( 435163)
Chief, General Litigation Section II

.

Melvin W. Bolden, Jr.

---
 MELVIN W. BOLDEN, Jr. (192179)
Assistant Attorney General
441 Fourth Street, N.W,   Sixth Floor
Washington, D.C. 20001
(202) 724- 5695
(202) 727- 3625 (fax)