## UNITED STATES DISTRICT COURT
For the District of Columbia

| | |
|---|---|
| STEPHEN H. GRAVES,           : | |
|           Plaintiff,         : | |
|                              : | |
|           v.                 : | Civil Action No. 1:07CV0156 CKK |
|                              : | |
|                              : | |
| THE DISTRICT OF COLUMBIA,    : | |
|           Defendant.         : | |

### PLAINTIFF'S DISCOVERY REQUESTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Plaintiff Stephen H. Graves respectfully requests that the Defendant District of Columbia answer the following questions in writing and under oath within thirty days after service hereof.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure the Plaintiff also requests that the Defendant District of Columbia, within thirty days after service of this pleading, produce or permit the Plaintiff's counsel to inspect and copy the documents (including writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form) identified in the Plaintiff's *Requests For Production of Documents*.

### Definitions

As used herein, the following terms shall have the following meanings:

A. "**You,**" "**your,**" "**District of Columbia**" or "**District**" shall refer to the Government and Municipal Corporation of the District of Columbia, its subordinate departments and agencies (including, but not limited to, the District of Columbia Fire and Emergency Medical Services Department), its elected and appointed officials, employees, agents, and counsel.

B. "**Department**" or "**Departmental**" shall refer to the District of Columbia Fire and Emergency Medical Services Department, its appointed officials, employees, agents and counsel.

C. "**Identify**," when used with respect to a person or entity, means to state that person's or entity's name, home and business address, and home and business telephone number. "**Identify**," when used with respect to a communication, means to state the parties to the communication, the nature of the communication (e.g., written or verbal), and the date of the communication. "**Identify**," when used with respect to a document, shall mean to describe the nature of the document, state the date and title of the document, and the author, sender, and recipient of the document.

D. "**Document**" includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature however produced or reproduced, whether sent or received, or neither, including the original, draft, copies and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all the correspondence, records, drawings, memoranda, notes, reports, analyses, computer generated reports and print-outs, other data compilations from which information can be obtained, and any other documents defined in the Federal Rules of Civil

Procedure, which in your custody, possession, and/or control or to which you otherwise have access.

E. The term "**photographs**" shall include any photograph print, negatives, or film.

F. A document "**relating**," "**relating to**," "**relates to**," or "**regarding**" any given subject matter, means any document that constitutes, pertains to, or in any way directly or indirectly bears upon or deals with the subject, including, without limitation, documents concerning the preparation of documents.

G. If any document request calls for the production of a document which you claim to be privileged, in lieu of production, state:

- The reason for withholding it;

- The author of the document;

- Each individual or other person to whom the document indicates the original or a copy has been sent;

- The date of the document; and

- The general subject of the document.

H. Should any of these interrogatories or requests for documents require the disclosure or production of confidential information, the Plaintiff will agree to the entry of an appropriate protective order.

I. These interrogatories and requests for documents are continuing in character, so as to require you to file supplementary responses and documents if you obtain further or different information before trial.

Interrogatories

1. Please identify each and every person who has personal knowledge of or information that relates to (a) any allegation set forth in the *Complaint* filed in this case, and/or (b) any statement or defense set forth in your *Answer* and state the substance of the knowledge and/or information possessed by each person identified.

2. Please describe all facts, testimony, and evidence that support, refute, or relate to the Ninth Defense in your *Answer* that the Plaintiff's alleged "injuries and/or damages resulted from the sole or concurrent intentional conduct or negligence of a person or persons, other than the District's employees, or this defendant acting within the scope of their employment." In your response, please identify each person other than the District, its agents, employees, or servants acting within the scope of their agency/employment who you claim to have caused or contributed to the Plaintiff's injuries and/or damages; identify every act or omission by each such person which you claim to have caused or contributed to the Plaintiff's injuries and/or damages; provide the addresses and telephone numbers of all witnesses you intend to present at trial who have knowledge of such acts or omissions; and identify all tangible evidence or documents you intend to present at trial that support, refute, or relate to your position.

3. Please state whether **at any time**[1] the District of Columbia received, **by any means of communication** (whether in verbal, written, or electronic form), any complaint or allegation **from any source** (including, but not limited to: the Plaintiff, any other employee of the Department, the United States Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, the District of Columbia Metropolitan Police or any other person or entity) to the effect that the Plaintiff had been the victim of an assault or a battery or had been threatened with bodily harm by any person (whether or not such person was employed by the District of Columbia and whether or not such assault, battery or threat occurred during the course of the Plaintiff's employment by the Department).

4. With regard to each complaint or allegation identified in your response to *Interrogatory Three*, please describe what investigation was undertaken by the District; describe the findings or conclusions of each such investigation; describe what corrective measures (such as counseling or separation or reassignment of the parties) were taken to avoid future incidents of the Plaintiff being assaulted, battered or threatened; describe what sanctions and/or punishments, if any, were levied upon any person was alleged to have assaulted, battered or threatened the Plaintiff; state whether any record of each such investigation and/or disciplinary proceeding is kept on file; and attach a copy of each such record to your responses to the Plaintiff's discovery requests.

5. Please state whether **at any time**[2] the District of Columbia received, **by any means of communication** (whether in verbal, written, or electronic form), any complaint or allegation **from any source** (including, but not limited to: the Plaintiff, any other employee of the

---

[1] The phrase "at any time" includes at any time both during the course or after the cessation of the Plaintiff's employment by the Department.

Department, the United States Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, the District of Columbia Metropolitan Police or any other person or entity) to the effect that the Plaintiff had been the subject of racially or ethnically derogatory phrases, words or epithets which were communicated to him during the course of his employment by the Department.

6. With regard to each complaint or allegation identified in your response to *Interrogatory Five*, please describe what investigation was undertaken by the District; describe the findings or conclusions of each such investigation; describe what corrective measures (such as counseling or separation or reassignment of the parties) were taken to avoid future incidents of the Plaintiff being the subject of racially or ethnically derogatory phrases, words or epithets; describe what sanctions and/or punishments, if any, were levied upon any person alleged to have communicated such racially or ethnically derogatory phrases, words or epithets; state whether any record of each such investigation and/or disciplinary proceeding is kept on file; and attach a copy of each such record to your responses to the Plaintiff's discovery requests.

7. Please state whether **at any time**[3] the District of Columbia received, **by any means of communication** (whether in verbal, written, or electronic form), any complaint or allegation **from any source** (including, but not limited to: the Plaintiff, any other employee of the Department, the United States Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, the District of Columbia Metropolitan Police or any other person or entity) to the effect that the Plaintiff had been subjected to "hostile work environment

---

[2] Id.

[3] Id.

harassment"[4] because of his race or ethnic background during the course of his employment by the Department.

8.  With regard to each complaint or allegation identified in your response to *Interrogatory Seven*, please describe what investigation was undertaken by the District; describe the findings or

---

[4] In his use of the phrase "hostile work environment harassment," the Plaintiff adopts the following definition and representative examples utilized by the Office of Workplace Diversity of the Federal Communications Commission:

> Hostile work environment harassment occurs when unwelcome comments or conduct based on sex, race or other legally protected characteristics unreasonably interferes with an employee's work performance or creates an intimidating, hostile or offensive work environment. Anyone in the workplace might commit this type of harassment – a management official, co-worker, or non-employee, such as a contractor, vendor or guest. The victim can be anyone affected by the conduct, not just the individual at whom the offensive conduct is directed.
>
> Examples of actions that may create sexual hostile environment harassment include:
> - Leering, i.e., staring in a sexually suggestive manner
> - Making offensive remarks about looks, clothing, body parts
> - Touching in a way that may make an employee feel uncomfortable, such as patting, pinching or intentional brushing against another's body
> - Telling sexual or lewd jokes, hanging sexual posters, making sexual gestures, etc.
> - Sending, forwarding or soliciting sexually suggestive letters, notes, emails, or images
>
> Other actions which may result in hostile environment harassment, but are non-sexual in nature, include:
> - Use of racially derogatory words, phrases, epithets
> - Demonstrations of a racial or ethnic nature such as a use of gestures, pictures or drawings which would offend a particular racial or ethnic group
> - Comments about an individual's skin color or other racial/ethnic characteristics
> - Making disparaging remarks about an individual's gender that are not sexual in nature
> - Negative comments about an employee's religious beliefs (or lack of religious beliefs)
> - Expressing negative stereotypes regarding an employee's birthplace or ancestry
> - Negative comments regarding an employee's age when referring to employees 40 and over
> - Derogatory or intimidating references to an employee's mental or physical impairment
>
> Harassment that results in a tangible employment action occurs when a management official's harassing conduct results in some significant change in an employee's employment status (e.g., hiring, firing, promotion, failure to promote, demotion, formal discipline, such as suspension, undesirable reassignment, or a significant change in benefits, a compensation decision, or a work assignment). Only individuals with supervisory or managerial responsibility can commit this type of harassment.

See, "Understanding Workplace Harassment," http://www.fcc.gov/owd/understanding-harassment.html.

conclusions of each such investigation; describe what corrective measures (such as counseling or separation or reassignment of the parties) were taken to avoid future incidents of the Plaintiff being subjected to hostile work environment harassment; describe what sanctions and/or punishments, if any, were levied upon any person was alleged to have committed such hostile work environment harassment; state whether any record of each such investigation and/or disciplinary proceeding is kept on file; and attach a copy of each such record to your responses to the Plaintiff's discovery requests.

9.  Please state whether the Plaintiff was ever the subject of a "corrective action" (as defined in Section 1604 of the District Personnel Manual) or an "adverse action" (as defined in Section 1605 of the District Personnel Manual) during the course of his employment by the Department. If your response is in the affirmative, please state the exact or approximate date of each such corrective action or adverse action; describe the charges of misconduct which were brought against the Plaintiff in each such corrective action or adverse action; describe the incident or incidents giving rise to each such corrective action or adverse action; state whether a Department trial board or any other disciplinary authority made a finding in each such corrective action or adverse action that the Plaintiff was guilty or culpable of any of the charged misconduct; describe any sanction which was imposed in each such corrective action or adverse action; state whether any record of each such corrective action or adverse action is kept on file; and attach a copy of each such record to your responses to the Plaintiff's discovery requests.

Requests For Production of Documents

1. All documents that support, refute, or relate to the allegations set forth in the Plaintiff's *Complaint* or in your *Answer* (including each Defense asserted therein).

2. All documents that support, refute, refer to or relate to any relief sought, including but not limited to, the damages the Plaintiff claims to have suffered.

3. All documents not otherwise responsive to any of the foregoing document production requests that you identified in, which refer or relate to, or which you utilized in preparing your answers to the foregoing Plaintiff's *Interrogatories*, identifying the specific interrogatory or interrogatories to which each such document pertains.

4. All documents that contain, or relate to, the District's definition of "hostile work place environment" or "hostile workplace environment."

5. All documents that contain, or relate to, the Department's definition of "hostile work place environment" or "hostile workplace environment."

6. All documents that contain, or relate to, the District's definition of "hostile workplace environment harassment," "hostile work place environment harassment" or "hostile work environment harassment."

7. All documents that contain, or relate to, the Department's definition of "hostile workplace environment harassment," "hostile work place environment harassment" or "hostile work environment harassment."

8.   All documents that relate to the Department's procedures for reporting and/or investigating complaints of racial or ethnic discrimination or "hostile work environment harassment."[5]

9.   All documents that relate to the Department's rules and regulations regarding the sanctioning of Departmental employees found to have committed acts of racial or ethnic discrimination or "hostile work environment harassment."[6]

10.  All documents that relate to any training or "refresher" courses provided by the Department to its employees in the prevention, reporting, and/or correction of racial or ethnic discrimination or "hostile work environment harassment"[7] (including, but not limited to, written curricula or lesson plans for such training; books, tapes, videos, or other heuristics utilized to assist in such training or "refresher" courses; and exams, tests, or evaluations administered to Departmental employees during the course or at the conclusion of such training or "refresher" courses).

11.  All documents that relate to any complaint or allegation received by the District of Columbia **at any time**[8] **by any means of communication from any source** (including, but not limited to: the Plaintiff, any other employee of the Department, the United States Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, the District of Columbia Metropolitan Police or any other person or entity) to the effect that the

---

[5] As previously defined herein in footnote 4.

[6] Id.

[7] Id..

[8] As previously defined herein in footnote 1.

Plaintiff had been the victim of an assault or a battery or had been threatened with bodily harm by any person (whether or not such person was employed by the District of Columbia and whether or not such assault, battery or threat occurred during the course of the Plaintiff's employment by the Department).

12.     All documents that relate to any complaint or allegation received by the District of Columbia **at any time**[9] **by any means of communication from any source** (including, but not limited to: the Plaintiff, any other employee of the Department, the United States Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, the District of Columbia Metropolitan Police or any other person or entity) to the effect that the Plaintiff had been the subject of racially or ethnically derogatory phrases, words or epithets which were communicated to him during the course of his employment by the Department.

10.     All documents that relate to any complaint or allegation received by the District of Columbia **at any time**[10] **by any means of communication from any source** (including, but not limited to: the Plaintiff, any other employee of the Department, the United States Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, the District of Columbia Metropolitan Police or any other person or entity) to the effect that the Plaintiff had been subjected to "hostile work environment harassment"[11] because of his race or ethnic background during the course of his employment by the Department.

---

[9] Id.

[10] Id.

[11] As previously defined herein in footnote 4.

13. All documents that relate to each "corrective action" (as defined in Section 1604 of the District Personnel Manual) or "adverse action" (as defined in Section 1605 of the District Personnel Manual) which was instituted against the Plaintiff during the course of his employment by the Department.

14. All documents or exhibits which you intend to use at the trial of this case.

15. Any and all documents (including the findings of any fact-finding and/or disciplinary committees) which reflect your investigation and/or analysis of the Plaintiff's claims.

16. All correspondence between you, your agents and/or attorney(s), and any expert witness you have retained, anticipate retaining, or have attempted to retain in this matter.

17. All documents which relate to any excused absences, unexcused absences, emergency leave, sick leave, or vacation leave taken by the Plaintiff during the course of his employment by the Department.

18. All documents relating to any complaint against the Department and/or any of its employees filed by Plaintiff with the Equal Employment Opportunity Commission.

19. All documents relating to any complaint against the Department and/or any of its employees filed by Plaintiff with the District of Columbia Office of Human Rights.

20. A copy of the Plaintiff's personal (or personnel) file.

                                                   Respectfully submitted,

/S/ James T. Maloney #254102
Maloney & Mohsen PLLC
4201 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20008-1163
Tel: (202) 237-6800  x202
Fax: (202) 966-5270

*Counsel For Plaintiff*

Certificate of Service

I Hereby Certify that copies of this pleading was emailed and mailed via first class mail, postage prepaid, to counsel for the District of Columbia, Assistant Attorney General Sally L. Swann, Esq. (sally.swann@dc.gov), Office of the Attorney General, 441 Fourth Street, N.W., Sixth Floor South, Washington, D.C. 20001, on August 31, 2007.

                                                   S/ James T. Maloney #254102