UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN H. GRAVES,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 07-00156 (CKK) |

MEMORANDUM OPINION AND ORDER
(February 17, 2012)

Plaintiff Stephen H. Graves brings this employment discrimination action against Defendant, the District of Columbia, claiming that he was subjected to a racially hostile work environment during the course of his two-decade career with the District's Fire and Emergency Services Department.  Graves is pursuing two factually coextensive hostile work environment claims, the first under Title VII of the Civil Rights Act of 1964 and the second under Section 1981 of Title 42 of the United States Code.

Graves claims that he was subjected to a racially hostile work environment throughout his twenty years of employment with the District's Fire and Emergency Services Department, which extended from September 5, 1985 through February 12, 2006.  In support of his claims, he has identified a total of forty-nine separate incidents as the component acts comprising the alleged hostile work environment.  *See* Revised Joint Pretrial Stmt., ECF No. [52], at 2-13.  Nineteen of these incidents allegedly occurred prior to November 21, 1991—the effective date of the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.  This Memorandum Opinion and Order addresses the District's contention that Graves is precluded from recovering under both Title VII

and Section 1981 for these nineteen incidents as a matter of law because the Civil Rights Act of 1991 does not apply retroactively to conduct predating its effective date.  The matter has been fully briefed and is ripe for adjudication.  *See* Def. District of Columbia's Trial Br. on Pl.'s Right to Recover for Component Acts that Occurred Before the Effective Date of the Civil Rights Act of 1991 ("Def.'s Mem."), ECF No. [52-1]; Pl.'s Opp'n to District of Columbia's Revised Objections and Trial Br. ("Pl.'s Opp'n"), ECF No. [55]; Reply to Pl.'s Opp'n to District of Columbia's Revised Objects [sic] and Trial Br., ECF No. [56].  In an exercise of its discretion, the Court finds that holding an oral argument would not be of assistance in rendering a decision.  *See* LCvR 7(f).

Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court concludes as follows:

(i) Graves can seek relief under Title VII for the nineteen incidents predating the effective date of the Civil Rights Act of 1991, but he cannot seek compensatory damages and is not entitled to a jury trial in connection with those incidents;

(ii) Graves cannot seek recovery under Section 1981 for the nineteen incidents predating the effective date of the Civil Rights Act of 1991; and

(iii) Graves must explain how he would use evidence relating to the nineteen incidents as "background evidence" to be considered by the jury before the Court rules on the admissibility of such evidence.

**A.**   ***Graves Can Seek Limited Relief for the Nineteen Incidents Under Title VII***

The District contends that Graves is precluded from recovering under Title VII for the nineteen incidents that predate November 21, 1991, the effective date of the Civil Rights Act of

1991, arguing that the Act does not apply retroactively. See Def.'s Mem. at 24.[1] Graves counters that he can recover for these nineteen incidents because he is proceeding under a "continuing violation" theory and the alleged hostile work environment continued beyond November 21, 1991. See Pl.'s Opp'n at 2. The Court finds that the correct answer lies somewhere in between the parties' competing positions.

Section 102 of the Civil Rights Act of 1991 conferred upon plaintiffs the right to recover compensatory and punitive damages for certain violations of Title VII and to demand a trial by jury if such damages are sought. In *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), the Supreme Court held that these rights cannot be applied to conduct predating the effective date of the Civil Rights Act of 1991. As observed by the Court, "[b]efore the enactment of the 1991 Act, Title VII only afforded 'equitable' remedies," and "Section 102 significantly expand[ed] the monetary relief potentially available to plaintiffs." *Id.* at 253. Reasoning that compensatory damages make plaintiffs whole only "by a mechanism that affects the liabilities of defendants," the Court found that Section 102 represented "the type of legal change that would have an impact on private parties' planning." *Id.* at 282. In short, Section 102 attached new legal consequences to primary conduct completed before its enactment, raising legitimate concerns about "fair notice, reasonable reliance, and settled expectations." *Id.* at 270. Ultimately, finding no indicia of congressional intent to apply these rights retroactively, the Supreme Court concluded that plaintiffs may not recover compensatory and punitive damages or demand a trial by jury[2] for

---

[1] Because the District's submission is not paginated, the Court shall refer to the page numbers generated by the Court's CM/ECF System.

[2] Because the Court found the right to a jury trial inextricably intertwined with the right to seek compensatory and punitive damages, it concluded that "the jury trial option must stand or

conduct predating the effective date of the Civil Rights Act of 1991. *Id.* at 286.

In *Tomasello v. Rubin*, the United States Court of Appeals for the District of Columbia Circuit addressed a variation on this theme. Like Graves, the plaintiff in *Tomasello* wanted to pursue a hostile work environment claim with conduct "straddling" the effective date of the Civil Rights Act of 1991. The district court bifurcated the proceedings, with the district court deciding the pre-November 21, 1991 conduct and the jury deciding the post-November 21, 1991 conduct. *Id.* at 614. On appeal, the plaintiff argued that the pre-November 21, 1991 conduct should have also been tried by the jury as part of a "continuing violation." *Id.* Finding the argument foreclosed by *Landgraf*, the Court of Appeals "rejected [the] contention that application of Title VII as amended would not be retroactive because [the plaintiff] alleged a 'continuing violation,' that is, the conduct giving rise to his claims that began before the statute's effective date continued beyond that date." *Id.* at 619-20.

Together, *Landgraf* and *Tomasello* foreclose Graves' argument that he may seek compensatory damages under Title VII for the nineteen incidents predating November 21, 1991. These authorities are binding on the Court and permit no deviation.[3] Contrary to what Graves

---

fall with the attached damages provision." *Landgraf*, 511 U.S. at 281.

[3] Furthermore, the majority of courts that have had the opportunity to address the issue have similarly concluded that a Title VII plaintiff may not recover compensatory damages or demand a jury trial for conduct predating the effective date of the Civil Rights Act of 1991, even where his or her allegations "straddle" that date. *See, e.g.*, *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1482 (9th Cir. 1997); *Caviness v. Nucor-Yamato Steel Co.*, 105 F.3d 1216, 1220 (8th Cir. 1997); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 439-40 (7th Cir. 1997); *Sank v. City Univ. of N.Y.*, No. 94 Civ. 253 (RWS), 2002 WL 1792922, at *4 (S.D.N.Y. Aug. 2, 2002), *aff'd*, 112 F. App'x 761 (2d Cir. 2004), *cert. denied*, 543 U.S. 1120 (2005). To the extent the United States Court of Appeals for the First Circuit's decision in *DeNovellis v. Shalala*, 124 F.3d 298 (1st Cir. 1997), reflects a different approach, it is contrary to the law of this Circuit and the weight of authority.

may believe, the Supreme Court's later decision in *National Railroad Passenger Corporation v. Morgan*, 532 U.S. 101 (2002), is not inconsistent with *Landgraf* or *Tomasello*.  *Morgan* addresses a plaintiff's ability to recover for a hostile work environment claim that straddles the statutory time period for filing charges under Title VII, not a hostile work environment claim that straddles the effective date of the Civil Rights Act of 1991.  The former scenario simply does not implicate the retroactivity concerns that animated the Supreme Court's decision in *Landgraf* and the Court of Appeals' decision in *Tomasello*.

For these reasons, the Court concludes that Graves cannot seek compensatory damages and is not entitled to a jury trial under Title VII for the nineteen incidents predating the effective date of the Civil Rights Act of 1991.  However, the Court departs with the District insofar as it intends to suggest that Graves is absolutely foreclosed from pursuing a hostile work environment claim under Title VII for conduct predating the Civil Rights Act of 1991.  As the Supreme Court has observed, Section 102 may have expanded the scope of monetary relief available to Title VII plaintiffs, but it did "not make unlawful conduct that was lawful when it occurred." *Landgraf*, 511 U.S. at 281-82; *see also Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 303 (1994) ("Section 102 altered the liabilities of employers under Title VII by subjecting them to expanded monetary liability, but it did not alter the normative scope of Title VII's prohibition on workplace discrimination.").  Even prior to the Civil Rights Act of 1991, the Supreme Court recognized that a plaintiff could establish a violation of Title VII by proving that discrimination created "a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vison*, 477 U.S. 57, 66 (1986).  It just so happened that a plaintiff proceeding under such a theory prior to the Civil Rights Act of 1991 was limited to "'equitable' remedies," the determination of which was entrusted to the district

court and not a jury. *Landgraf*, 511 U.S. at 252. Accordingly, the Court concludes that Graves can, at least hypothetically, seek relief under Title VII for the nineteen incidents predating the effective date of the Civil Rights Act of 1991 through a bench proceeding and insofar as the relief he seeks is consistent with the legal landscape in existence before the Civil Rights Act of 1991. He cannot seek compensatory damages and is not entitled to a jury trial in connection with those incidents.

Nonetheless, the Court recognizes that it is far from self-evident whether Graves actually seeks any relief in connection with the nineteen incidents that would have been available to a Title VII plaintiff prior to the enactment of the Civil Rights Act of 1991. *See* Revised Joint Pretrial Stmt. at 36-38 (outlining the relief sought by Graves). Accordingly, by no later than **February 22, 2012, at 5:00 p.m.**, Graves shall file a notice with the Court (i) indicating whether he intends to seek relief in connection with the nineteen incidents predating the effective date of the Civil Rights Act of 1991 through a separate bench proceeding in which both liability and remedies would be determined by the Court and, (ii) if so, identifying with particularity the relief he would seek in such a proceeding and explaining, with citation to appropriate legal authority, how such relief would have been available to a Title VII plaintiff prior to the enactment of the Civil Rights Act of 1991.

   **B.**  ***Graves Cannot Seek Relief Under Section 1981 for the Nineteen Incidents Predating the Effective Date of the Civil Rights Act of 1991***

The situation is much simpler when it comes to Graves' hostile work environment claim under Section 1981. As the Court observed earlier in this action, Section 101 of the Civil Rights Act of 1991 amended "Section 1981 to reach a universe of post-contract formation conduct that was previously non-actionable." *Graves v. District of Columbia*, 777 F. Supp. 2d 109, 116

(D.D.C. 2011). In *Rivers v. Roadway Express, Inc.*, 511 U.S. 298 (1994), the Supreme Court concluded that this amendment was an expansion and not a clarification of existing law. Further, the Court found that, "because it creates liabilities that had no legal existence before the Act was passed, § 101 does not apply to preenactment conduct." *Id.* at 313. Consistent with *Landgraf* and *Tomasello*, the Court rejects Graves' attempt to circumvent this holding by invoking the "continuing violation" doctrine for the same reasons set forth earlier. It is beyond cavil that hostile work environment claims like the one pressed by Graves in this case were not actionable under Section 1981 prior to the Civil Rights Act of 1991. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 177 (1989) (concluding that the pre-amendment Section 1981 did not cover "postformation conduct . . . implicat[ing] the performance of established contract obligations and the conditions of continuing employment."). As such, retroactive application of Section 101 would attach new legal consequences to primary conduct occurring before its enactment, upsetting settled expectations and running afoul of the principle that "individuals should have an opportunity to know what the law is and to conform their conduct accordingly." *Landgraf*, 511 U.S. at 265. Accordingly, the Court concludes that Graves cannot seek recovery under Section 1981 for the nineteen incidents predating the effective date of the Civil Rights Act of 1991.[4] The Court will consider what revisions, if any, to the parties' proposed jury instructions are

---

[4] By creating an entirely new cause of action, Section 101 of the Civil Rights Act of 1991 goes beyond the expansion of monetary liability under Section 102 that animated the courts to eschew retroactive application in *Landgraf* and *Tomasello*. Nonetheless, the Court observes that the retroactive application of Section 101 of the Civil Rights Act of 1991 would also have the effect of expanding the scope of defendants' monetary liability because Section 1981, as amended, is not subject to the statutory cap on compensatory damages that applies to Title VII. *See Kim v. Nash Finch Co.*, 123 F.3d 1046, 1062 (8th Cir. 1997) ("[C]ompensatory and punitive damages are 'capped' under Title VII but not under § 1981.").

appropriate at the Pretrial Conference scheduled for February 27, 2012, at 9:30 a.m., at which point the Court and the parties will have the benefit of knowing how Graves intends to proceed with respect to his Title VII claim.

### C. *Graves Must Explain How He Would Seek to Use the Nineteen Incidents as "Background Evidence"*

No doubt seeing the writing on the wall, Graves proffers a fallback position, contending that "even if this Court were to find that he is precluded from recovering damages for the [nineteen incidents, he] should nevertheless be permitted to introduce evidence of that misconduct to establish [the District's] discriminatory intent and/or awareness of a hostile work environment." Pl.'s Opp'n at 3. The Court recognizes that conduct that is non-actionable for purposes of liability may sometimes be used for a particular purpose in support of actionable claims. *See, e.g.*, *Morrison v. Carleton Woolen Mills, Inc.*, 108 F.3d 429, 439 (1st Cir. 1997) (concluding that the jury could consider conduct predating the Civil Rights Act of 1991 "to the extent it was legally relevant to what later happened—for example, to help prove the intent behind an act committed after November 21, 1991, or the act's likely effect on someone."). Although Graves states in general terms that he intends to use evidence relating to the nineteen incidents to establish the District's "intent" and "awareness," the Court requires a more particularized explanation of how Graves intends to use this evidence at trial before it rules on the admissibility of such evidence. Accordingly, by no later than **February 22, 2012, at 5:00 p.m.**, Graves shall file a notice with the Court indicating how he would use evidence relating to each of the nineteen incidents predating the effective date of the Civil Rights Act of 1991 in order to support his hostile work environment claims insofar as they postdate the effective date of

the Civil Rights Act of 1991.[5]

### D.     *Conclusion and Order*

For the reasons set forth above, it is, this 17th day of February, 2012, hereby

**ORDERED** that (i) Graves can seek relief under Title VII for the nineteen incidents predating the effective date of the Civil Rights Act of 1991, but he cannot seek compensatory damages and is not entitled to a jury trial in connection with those incidents; (ii) Graves cannot seek relief under Section 1981 for the nineteen incidents predating the effective date of the Civil Rights Act of 1991; and (iii) Graves must explain how he would seek to use evidence relating to the nineteen incidents as "background evidence" for the jury's consideration for a particular purpose before the Court rules on the admissibility of such evidence.

It is **FURTHER ORDERED** that, by no later than **February 22, 2012, at 5:00 p.m.**, Graves shall file a notice with the Court (i) indicating whether he intends to seek relief under Title VII in connection with the nineteen incidents predating the effective date of the Civil Rights Act of 1991 through a separate bench proceeding in which both liability and remedies would be determined by the Court and, (ii) if so, identifying with particularity the relief he would seek in such a proceeding and explaining, with citation to appropriate legal authority, how such relief would have been available to a Title VII plaintiff prior to the enactment of the Civil Rights Act of 1991. In addition, Graves' notice must (iii) indicate how he would use evidence relating to each of the nineteen incidents predating the effective date of the Civil Rights Act of 1991 as

---

[5] Even though the Court has concluded that Graves may hypothetically pursue relief from the Court under Title VII for conduct predating the effective date of the Civil Rights Act of 1991, he must still satisfy the Court that he can appropriately introduce evidence of the nineteen acts for the jury's consideration as "background evidence."

"background evidence" to be considered by the jury for a particular purpose in support of his hostile work environment claims under Title VII and Section 1981 insofar as they postdate the effective date of the Civil Rights Act of 1991.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge